UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALERIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-01128-AGF |
| ) | |
| HAMMER & STEEL, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Hammer & Steel, Inc.'s Motion to Dismiss Plaintiff Valerie Smith's complaint pursuant to Federal Rule 12(b)(6). Doc. No. 9. In Counts I and II, Plaintiff asserts claims of age and disability discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"), respectively. In Count III, Plaintiff alleges violations of the Family Medical Leave Act ("FMLA"). Doc. No. 1.

For the reasons set forth below, the motion will be granted.

## BACKGROUND

The following facts are taken from the Complaint. Doc. No. 1. Plaintiff was employed with Defendant as a receptionist from October 3, 2016 to November 20, 2021. During the course of Plaintiff's employment, her husband developed cancer, which became worse in January of 2020. The cancer substantially limited her husband from performing major life activities, so Plaintiff asked her supervisor about taking unpaid leave to care for him. This request was ultimately denied after conversations between her

supervisor and a Vice President for Defendant.  Plaintiff alleges that this denial was due in part because the Vice President did not believe Defendant was required to grant her request under the FMLA.

Plaintiff continued working for Defendant, but in November of 2020, her husband's condition further deteriorated.  On November 13, 2020, Plaintiff's husband had a medical emergency which required her to call 911, and she was late to work that morning.  When her supervisor observed her crying, she gave Plaintiff the rest of the day and the following week off of work so that Plaintiff could arrange home care for her husband.  Defendant knew that Plaintiff was planning to return to work on November 23, 2020.  But on November 20, 2020, Defendant informed her through a phone call with Human Resources that she had been terminated for abandoning her job.  Plaintiff was 62 years old at the time of her termination.  Of Defendant's employees, only four were older than the Plaintiff at the time of her termination.  Shortly after, in December of 2020, Defendant sought to fire a 65-year-old worker in its St. Louis shop.

Plaintiff contacted an attorney in July of 2021 to speak about her termination and whether she had any claims.  During that conversation, the attorney relayed to Plaintiff that she could file a charge under federal law with the Equal Employment Opportunities Commission ("EEOC").  Upon signing a retainer agreement with the attorney, Plaintiff was told by the attorney that she had one year from the date of her termination to file her EEOC charge.  However, the EEOC actually has a 300-day deadline to file a charge.  Plaintiff promptly reviewed and signed the draft charges prepared by her attorney.  Her attorney filed the EEOC charge on October 12, 2021.  The EEOC docketed the charge,

notified Defendant of the charge, and issued Plaintiff a right to sue letter on July 28, 2022.  On August 9, 2022, Plaintiff's attorney notified Plaintiff via telephone that the charge was filed outside the EEOC's 300-day deadline, and Plaintiff's attorney admitted that she had miscalculated the deadline.

Plaintiff filed a three count Complaint on October 26, 2022.  In Count I, Plaintiff claimed discrimination in violation of the ADEA, alleging Defendant terminated her employment on or about November 20, 2020, based on her age.  In Count II, Plaintiff alleged discrimination in violation of the ADA, claiming Defendant terminated her employment when it had knowledge that Plaintiff's husband had a disability.  In Count III, Plaintiff alleged retaliation and interference under the FMLA because she was terminated after requesting and being granted leave by a supervisor.

## ARGUMENTS OF THE PARTIES

Defendant seeks dismissal of all three counts against it.  Defendant argues that Plaintiff's ADA and ADEA claims are time-barred by the 300-day filing deadline and thus should be dismissed under FRCP 12(b)(6).  With respect to Plaintiff's FMLA claim, Defendant argues that Plaintiff failed to state a claim because she failed to properly allege that Defendant was an eligible employer under FMLA.  Specifically, she failed to allege that Defendant employed more than 50 people within a 75-mile radius.  Doc. No. 9.

Plaintiff, in response, argues that the doctrine of equitable tolling should be applied to her ADA and ADEA claims due to her reliance on her attorney's mistaken belief regarding the EEOC deadline.  Further, Plaintiff argues that she has alleged sufficient facts under Rule 12(b)(6) to state a claim upon which relief may be granted for

Case: 4:22-cv-01128-AGF   Doc. #: 18   Filed: 05/02/23   Page: 4 of 10 PageID #: 77

her FMLA claim. Doc. No. 13.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). On a motion to dismiss, the court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). The complaint will be dismissed only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Casino Res. Corp. v. Harrah's Ent. Inc.*, 243 F.3d 435, 437 (8th Cir. 2001). However, a complaint will not suffice if it contains mere naked assertions without sufficient factual background. *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Factual enhancement is necessary to bring allegations in a complaint from mere possibility to the required plausibility standard. *Id*.

Untimeliness under a statute of limitations and failure to exhaust administrative remedies are affirmative defenses that a defendant bears the burden to plead and prove. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see also Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007). A court may dismiss a claim as precluded by the statute of limitations where the complaint itself establishes that the claim is time-barred. *Richardson v. Omaha School District, 957 F.3d 869*, 873 (8th Cir. 2020). However, such issues often depend on questions of fact, so courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the

complaint without an opportunity for discovery.  *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 368 (8th Cir. 2011).

**Counts I and II – Equitable Tolling**

Defendant seeks to dismiss Counts I and II because Plaintiff filed after the EEOC's 300-day filing deadline, and thus did not exhaust her administrative remedies as required by statute.  In response, Plaintiff asserts that the doctrine of equitable tolling should be applied to her claim, and further that 12(b)(6) motions to dismiss should not be granted where there are questions of fact as to the exhaustion of administrative remedies.  Although courts typically do not consider matters outside the pleadings on a motion to dismiss, a court may consider matters of public record.  *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is 'not precluded in [its] review of the complaint from taking notice of items in the public record.'") (citing *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)).  "An EEOC charge is a part of the public record and may be considered on a motion to dismiss."  *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).  Courts may also consider "[d]ocuments necessarily embraced by the pleadings," meaning "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (holding that such documents may be considered on a 12(b)(6) motion); *see also Podraza v. Whiting*, 790 F.3d 828, 833 (8th Cir. 2015) (holding the same as to "documents

incorporated into the complaint by reference.") Defendant attached a copy of the EEOC charge, whose authenticity is not disputed, as Exhibit A.

An individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of their claim to exhaust their administrative remedies. 42 U.S.C. § 2000e-5(e). Under the EEOC, there is a 300-day filing deadline where, like here, a plaintiff's claims also fall under state or local law provisions. 42 U.S.C. § 2000e-5(e)(1). Here, Plaintiff's alleged adverse employment action occurred on November 20, 2020. Thus, the filing deadline for her ADA and ADEA claims was September 16, 2021. Plaintiff's attorney filed her charges on October 12, 2021, less than one month beyond the filing deadline. There is no dispute with respect to the timing of the EEOC charge. Plaintiff also admits to the untimeliness in her complaint.

The administrative filing deadline enacted by the EEOC "is subject to equitable tolling." *Anderson v. Unisys Corp.*, 47 F.3d 302, 306 (8th Cir. 1995); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "Equitable tolling is premised on the 'excusable neglect' of the filing party." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998) (quoting *Anderson v. Unisys Corp.* at 306). The Supreme Court has said that a party seeking the application of equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Plaintiff attempted to diligently pursue her claims. Although she had no awareness of the filing period, she contacted and retained an attorney within the allotted

time period. Further, Plaintiff maintained regular contact with her attorney and responded to all inquiries and requests from her attorney in a timely manner. Plaintiff took at most 8 days to sign the charges sent to her by her attorney. However, at no point during this time was Plaintiff made aware of the actual 300-day deadline. In fact, in her first discussion with her attorney, Plaintiff was misinformed that the deadline was actually 365 days, which would have given her until November 20, 2021 to file the charge. Ultimately, the charge was filed more than 30 days before the incorrect deadline, but less than 30 days after the actual deadline. The issue is whether some extraordinary circumstance prevented Plaintiff from pursing her claim.[1]

Equitable tolling is generally applied when circumstances were "truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). An attorney's mistake does not generally rise to the type of extraordinary circumstance that would require equitable tolling. *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013). The Supreme Court has held that "'a garden variety claim of excusable neglect' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52

---

[1] Courts have imputed constructive knowledge of a time limit on a plaintiff when the plaintiff retained an attorney within the limitations period. *See Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 376 (6th Cir. 2002). Other district courts have concluded that even if the plaintiff lacked actual or constructive knowledge of the filing deadline, "[p]laintiff's ignorance of the filing requirements for her judicial complaint will not justify the application of equitable tolling," reasoning that while "an officer of the court must be worthy of the public trust, 'it is well settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Gordon v. England*, No. 07-2223-STA-tmp, 2012 WL 2790375, at *9 (W.D. Tenn. July 9, 2012) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

(2010) (citations omitted). Still, the Supreme Court has required lower courts to make determinations of whether the doctrine applies where an attorney has engaged in "serious attorney misconduct as opposed to mere negligence," noting among the attorney's numerous acts of misconduct that the attorney "did not do the research necessary to find out the proper filing date." *Muhammad*, 735 F.3d at 983  (quoting *Holland v. Fla.*, 560 U.S. at 652). However, the *Holland* Court noted that an attorney's failure to file a petition on time due to the attorney's apparent unawareness of the proper deadline, without other misconduct, suggests simple negligence. *Holland*, 560 U.S. at 652.

"When a complainant alleges sufficient facts which, if taken as true, establish a claim of equitable tolling, a court must give the complainant the opportunity to submit evidence on the issue." *Coons v. Mineta*, 410 F.3d 1036, 1040-41 (8th Cir. 2005); *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008). Here, Plaintiff does not allege any facts to suggest "serious attorney misconduct" beyond mere negligence. Plaintiff only claims that her attorney mistakenly thought that EEOC deadline was 365 days as opposed to 300 days, nor does she suggest any pertinent facts that might be obtained through discovery. Even construing the complaint in favor of the Plaintiff, the alleged facts do not sufficiently establish a claim of equitable tolling. As such, Counts I and II will be dismissed.

**Count III – FMLA Claim**

Defendant also challenges Plaintiff's FMLA claims on the sufficiency of the pleadings under Federal Rule 12(b)(6). Specifically, Defendant argues that Plaintiff has failed to allege that Defendant is a qualified employer under the FMLA.

"To establish protection under the FMLA, a claimant must demonstrate that he was an eligible employee under the FMLA and that he was entitled to FMLA leave." *White v. SP Plus Corp.*, 858 F. App'x 488, 489 (3d Cir. 2021) (internal quotations omitted).  Plaintiff does accurately allege, with sufficient factual support, that she is a qualified employee under the FMLA.  Plaintiff alleged that she was employed "for at least 12 months" by Defendant and worked "for at least 1,250 hours of service" during the preceding year.  29 U.S.C.A. § 2611(2)(A).  She worked for Defendant for just over 5 years.  Doc. 13 at ¶ 6.  However, Plaintiff specifically alleged that Defendant employed "around 49 persons" at its St. Louis location, and mentioned that Defendant has other locations as well.  Doc. 1 at ¶ 10.  Under the statute, a qualified employer must employ 50 or more persons at one worksite, or 50 or more persons at more than one worksite within 75 miles of each other.  29 U.S.C.A. § 2611(2)(B).

Therefore, by alleging only that Defendant employed "around 49 persons" at her location, Plaintiff did not adequately plead that Defendant is an eligible employer under the FMLA.  As such, Defendant's motion to dismiss count III will be granted, and count III is dismissed without prejudice.  In the event Defendant is a covered employer in that it employs 50 or more persons at one worksite, or 50 or more persons at multiple worksites within 75 miles of each other, Plaintiff may seek to amend her complaint accordingly.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED.**  Counts I-III are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 16, 2023**, to seek leave to amend her complaint. Any motion for leave to amend must be in compliance with Local Rule 4.07. If Plaintiff does not seek leave to amend by this date, the Court will close the case.

Dated this 2nd day of May 2023.

                                                   *Audrey G. Fleissig*
                                                   AUDREY G. FLEISSIG
                                                   UNITED STATES DISTRICT JUDGE